## 10736

### SHAW v. SHAW *ET AL.*

#### (115 S. E., 322)

1. HUSBAND AND WIFE—ADMITTED UNFAITHFULNESS AND DISINCLINATION TO CHANGE SUFFICIENT TO SUPPORT FINDING WIFE WAS PRACTICALLY EXPELLED FROM HOME.—On husband's action to set aside, for fraud, deeds conveying land to his wife as security for performance of his agreement for her support, his admitted unfaithfulness to his wife and the statement, "I don't know that I will ever quit

dealing with other women; that's my business," *held* sufficient to sustain a finding that a wife was practically expelled from his home.

2. HUSBAND AND WIFE—WIFE AND CHILDREN, PRACTICALLY EXPELLED FROM HOME, ENTITLED TO SUPPORT.—Where a wife and children are found to have been practically expelled from home, and the husband does not seek their return, he must furnish support.

3. APPEAL AND ERROR—APPELLANT NOT ESTOPPED TO CLAIM ANY BENEFIT FROM EVIDENCE IMPROPERLY ADMITTED OVER HIS OBJECTION.— Appellant is not estopped to assert any possible benefit from testimony, though it may have been improperly admitted over his objection.

4. HUSBAND AND WIFE—VALID AGREEMENT FOR SUPPORT NOT INVALIDATED BY SUBSEQUENT DIVORCE.—Where, after wife had practically been expelled from husband's home, the husband made a valid agreement to support her, the agreement was not invalidated by subsequent divorce obtained by the wife in another State, particularly where there was no evidence that the wife had acquired citizenship in such other State.

5. MORTGAGES—DEEDS TO PROPERTY AND ACCOMPANYING AGREEMENT HELD AN EQUITABLE MORTGAGE SECURING THE PAYMENT OF ALIMONY. —Deeds from a husband to a third party and from the third party to the wife and an accompanying agreement to the effect that the wife held the deed to secure the payment of alimony in accordance with an agreement then made, *held* an equitable mortgage.

6. HUSBAND AND WIFE—EVIDENCE HELD INSUFFICIENT TO ESTABLISH FRAUD IN PROCURING ALIMONY AGREEMENT AND MORTGAGE.—Evidence that a husband went to another State, of his own accord, to visit his wife and children and while there made an agreement for the payment of reasonable alimony, which agreement was reduced to writing by the wife's attorney, together with a mortgage on certain real property to secure the payment of the alimony agreed upon, and evidence that the husband declined to employ an attorney to represent him in the negotiations, *held* insufficient to establish fraud.

Before MOORE, J., Laurens, October, 1920.    Affirmed.

Action by Thomas M. Shaw against Bessie D. Shaw and Mildred Long.    Decree for defendants and plaintiff appeals.

*Messrs. Graydon & Graydon, Cole L. Blease* and *H. S. Blackwell,* for appellant, cite: *Residence of husband is res-*

*idence of wife:* 40 L. R. A. (N. S.), 99; 16 L. Ed., 226; 201 U. S., 562; 76 S. C., 145; 67 Mo. App., 570. *Liability of husband for support of wife and children away from domicile:* 114 S. C., 191. *Agreement to pay money during separation is without consideration:* 44 S. C., 195; 9 R. C. L., 256–7; 23 Ind. App., 384; 125 U. S., 190; 47 L. Ed., 366. *Relief granted must be within scope of pleadings:* 71 S. C., 442; 1 Black Judg., Sec. 242; 34 N. J. L., 418; 140 U. S., 254. *Agreement facilitating a divorce contrary to public policy:* 113 S. C., 295.

*Mr. R. E. Babb,* for respondents. *Oral argument.*

October 10, 1921. Rehearing refused January 12, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought this action to set aside two deeds for fraud. From the plaintiff's own statement it appears: The plaintiff and the defendant, Bessie D. Shaw, were married in Greenwood, S. C., in November, 1908. That they' lived together until 1917, when Mrs. Shaw left him and went to Kansas City, Mo., to live with her parents. Mrs. Shaw took the two children born of this marriage with her. Mrs. Shaw subsequently allowed the children to visit their father and stay with him for some time and, after their visit was over, the plaintiff allowed them to return to their mother, where they still remain. That on the 23d of December, 1918, the plaintiff went to Kansas City to visit his children. That while he was there he made an agreement with Mrs. Shaw to pay her $125.00 per month for the support of herself and her children. That in pursuance of that agreement they went to the office of Mr. Anderson, an attorney at law, who was the attorney of Mrs. Shaw, to draw up the necessary papers. There is testimony, and it is not denied, that Mr. Anderson suggested to Mr. Shaw that he employ another attorney to represent him. Mr. Shaw did not adopt the suggestion. It seems that in Missouri a deed of

a husband to his wife is not a complete conveyance; so, at Mr. Anderson's suggestion, a deed was drawn to the defendant, Miss Mildred Long. This deed was executed to Miss Long by the husband and wife, both of whom signed the deed. Miss Long at the same time executed a deed to Mrs. Shaw. Mrs. Shaw then executed and delivered to her husband an acknowledgement that she held title to the land conveyed as security for temporary alimony, and permanent alimony, if decreed to her in a suit for divorce then on file in the Courts of Missouri. That Mrs. Shaw would reconvey to Mr. Shaw when the amount of permanent alimony was determined, upon the execution by Mr. Shaw to Mrs. Shaw of a bond in the sum of $10,000.00, secured by a mortgage of the land conveyed, the said bond and mortgage to stand as security for the payment of the sum of $125.00. per month as agreed.

Mr. Shaw gave different dates for the service upon him, but both dates are subsequent to the execution of the deeds sought to be set aside. Mr. Shaw said that "they had no agreement about her getting a divorce." He afterwards said there was such an agreement, and that the agreement as to the $125.00 per month was a part of it. Mrs. Shaw denies that her husband agreed to the divorce. Mr. Shaw admits that he has 1,000 acres of valuable land left, even if he loses the land in dispute. He admits that he spoke to Mr. Anderson of putting up his Gray tract, and also his Coleman tract (the tract conveyed), but Mr. Anderson said the Coleman tract would be sufficient; that the agreement was that witness was to pay $125.00 per month for the support of his wife and children. The plaintiff admits that he drank heavily and had been to Keeley's three or four times; that he had trouble with his wife about other women. He said: "I do not know that I will ever quit dealing with other women; that's my business."

The case was tried before Judge Moore. He refused to set aside the deeds. He also decreed that the plaintiff

pay to the defendant, Mrs. Shaw, the past-due and unpaid monthly installments under the contract; that Mrs. Shaw pay off the mortgage she had put on the land for $1,000.00, and that the agreement be fully executed by both parties. From this decree this appeal is taken.

I. There are 17 exceptions, but not so many questions. The first assignment of error is in holding that the appellant indulged in such objectionable practices that his wife was practically expelled from his home. This finding is fully sustained by the testimony of the appellant, when he admits his life of unfaithfulness to his wife and says: "I do not know that I will ever quit dealing with other women; that's my business."

II. The next assignment of error is that his Honor held that the appellant is liable for the support of his wife and children. The appellant is not seeking the return of his wife and children. When this Court has found that the appellant has practically expelled his wife from his home, it follows that he must furnish support when they find refuge.

III. The next assignment of error is in not holding that the whole matter is void on account of the divorce laws of Missouri. When the divorce proceedings were offered in evidence, the appellant objected on the ground that they are irrelevant. The appellant is not estopped to claim any advantage that will come to him from improper evidence to which he objected, but the appellant was right. The divorce proceedings are irrelevant. The appellant admits a perfectly valid agreement to pay and secure the payment of alimony in a very reasonable sum. There is an entire absence of fraud. The subsequently commenced divorce proceedings cannot destroy the perfectly valid contract which the Courts of this State appears, two citizens of South Carolina make in Missouri a contract involving land in South Carolina; it is a South

Carolina contract to be performed here, and our law governs.

IV. The next question is as to the amount due and in making it a lien upon the land. The various conveyances and agreement taken together make the land a security for the faithful performance of the terms of the agreement, and there exists an equitable mortgage, which can and must be foreclosed, if necessary.

V. That his Honor erred in not finding the whole proceeding in Missouri of fraud. The appellant was not invited to Missouri; he went of his own motion. Between himself and his wife an agreement was made. There is no denial that the agreement as put in writing was the contract of the parties. The appellant was not trapped into signing the agreement when made. He was advised to get his own attorney, but did not do so. Only one tract was taken instead of two, as he seems to have been willing to give at the time. The trust agreement was given to the appellant, and he afterwards returned it. The amount of alimony is exceedingly reasonable, to say the least of it.

The decree provides for the $1,000.00 mortgage, and, with the reference above, is just, right, and affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN concur.

MR. JUSTICE WATTS dissents.